Aldridge v. Glover.

John Aldridge v. Nora A. Glover.

1. TRIAL OF THE RIGHTS OF PROPERTY—*Who are the Parties.*—A trial of "right of property" before a justice of the peace under sections 98–103 inclusive, chapter 79, R. S., is a proceeding between the claimant of the property and the plaintiff in the judgment upon which the execution issued. The case should be thus docketed, and if the property is found to belong to the claimant, judgment should be entered against the plaintiff in the execution for costs.

2. APPEALS—*Irregularities in Taking, Waived.*—The fact that a party to a trial of the right of property had not properly perfected his appeal by praying for it on the day of the trial, not being stated as one of the grounds for dismissing an appeal is, in legal effect, waived.

Memorandum.—Trial of the right of property. Error to the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed February 12, 1894.

STATEMENT OF THE CASE.

The plaintiff in error in his official capacity, as a constable, by virtue of an execution in his hands against one Frank Glover, levied upon property of which the defendant in error claimed to be the owner. She gave notice of her claim under the provisions of sections 98, chapter 79, R. S. The constable notified the plaintiff in the judgment and execution of the claim made to the property, and the issue as to the right of property came on in due course of law for trial before the justice of the peace who had issued the execution. Upon a hearing before the justice and a jury, the claimant prevailed. The justice docketed the case as a trial of the

right of property between the claimant and the constable and rendered judgment against the latter for costs, from which judgment he perfected an appeal to the Circuit Court. In that court the defendant in error moved to dismiss the appeal for the reason, to quote from the bill of exceptions, "that the constable having the execution which was levied upon the property in question was, by the justice of the peace, made defendant." In support of the motion, the affidavit of one Frank Glover was filed, in which it was stated "that John Aldridge (the plaintiff in error here) was the constable who had levied the execution and that the McCormick Harvesting Machine Co. was the execution creditor."

The court sustained the motion and dismissed the appeal, to which action of the court the appellant excepted and sued out this writ of error.

John R. Eden and R. M. Peadro, attorneys for plaintiff in error.

W. G. Cochran, attorney for defendant in error.

Mr. Presiding Justice Boggs, delivered the opinion of the Court.

A trial of "right of property" before a justice of the peace, under sections 98–103 inclusive, chapter 79, R. S., is a proceeding between the claimant of the property and the plaintiff in the judgment upon which the execution issued. The case should be thus docketed, and if the property is found to belong to the claimant, judgment should be entered against the plaintiff in the execution for costs. Sec. 101, chapter 79, R. S. In the case at bar the proceeding was so docketed that the constable was made defendant and a judgment for costs rendered against him. He could only relieve himself from such judgment by prosecuting an appeal. The fact that he was not a proper party defendant could not avail to defeat his appeal. A judgment stood against him, and instead of dismissing his appeal the case

should have      �app heard *de novo* by the Circuit Court, as other
appeals fro᷑       .ces.   The suggestion that he should have
interposed ᵃ     s-motion introducing the McCormick Har-
vesting Co.       ,fendant, can not be entertained.   If it was
essential to      ,successful prosecution of her case that such
company be  ,efendant, it was incumbent upon the defend-
ant in error ᴃo take the necessary steps to bring about the
change of parties.

As we have seen, the motion to dismiss the appeal was
based solely upon the ground that the constable was not the
proper party defendant or entitled to appeal.

That he had not properly perfected his appeal by praying
for it on the day of the trial, was not relied upon as a ground
for dismissal, but was in legal effect conceded or waived.

Therefore it can not be, for the first time, urged in this
court.

The judgment dismissing the appeal was erroneous and
is reversed and the cause remanded.